William D. Artus
629 L Street
Suite 104
Anchorage, Alaska 99501
Telephone: (907) 277-9918

Attorney for Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

In re

ALASKA DISPATCH NEWS, LLC,

Debtor.

No. 17-00285-GS

Chapter 7

**MOTION FOR ORDER FOR RULE 2004 EXAMINATION**

Pursuant to Rule 2004, Federal Rules of Bankruptcy Procedure, Nacole Jipping, the Chapter 7 trustee, respectfully requests that the Court enter an order that authorizes William Artus, her attorney, or Christine Tobin-Presser, her proposed special counsel, to conduct an examination as follows:

1. Witness to be Examined: The person or persons who are most familiar with and who can testify about and produce for inspection and copying by the trustee the "Documents to be Produced" that are described below:

2. Date: December 6, 2017

3. Time: 10:00 a.m. Alaska Standard Time

4. Place: 629 L Street, Suite 101, Anchorage, Alaska.

5. Scope of Examination: All financial information pertaining to the debtor, Alaska Publishing, LLC, GCI NADC, LLC, loans made by Northrim Bank to Alice Rogoff and/or the debtor, the sale of property or assets of the debtor, the payment of debts owed by the debtor and the "Documents to be Produced that are described below.

6. Authority re: Communications Between Debtor and Legal Counsel: In Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343, 105 S.Ct. 1986 (1985), the United States Supreme Court made clear that in a corporate bankruptcy, control over the corporation's attorney client privilege passes to the bankruptcy trustee. Weintraub, 471 U.S. 357. Thus, the Trustee is

entitled to all communications between the Debtor and its legal counsel prior to her appointment.

7. Documents to be Produced:

(1) Copies of all financial statements, internally and/or externally prepared, for Alaska Dispatch News, LLC, formerly known as Alaska Daily News, LLC ("Alaska Dispatch" or "Debtor")) from the date of its acquisition by AK Publishing, LLC ("AK Publishing") through August 2017.

(2) Copies of the federal tax returns of the debtor for 2014 through 2016.

(3) Copies of all documents related to the sale of Alaska Dispatch's real property to GCI NADC, LLC in or around May 2015 (the "GCI Sale") including, but not limited to:

(a) Any communications or correspondence between or among the Debtor, including any employee, principal or agent thereof, and any third party including but not limited to (1) any affiliate or insider (as that term is defined in the Bankruptcy Code); (2) GCI, including any agent or representative thereof; and/or (3) the Debtor's legal counsel, relating to the GCI Sale;

(b) Any internal communications or correspondence of the Debtor relating to the GCI Sale;

(c) Copies of all valuations or appraisals (including drafts) prepared, obtained or utilized in connection with the GCI Sale; and

(d) Copies of documents relating to the disposition, transfer, or use of the proceeds of the GCI Sale.

(4) Copies of all documents relating in any way to the loan from Northrim Bank to Alice Rogoff ("Rogoff") in the approximate amount of $13,000,000 used in connection with the purchase of the stock of Alaska Dispatch (the "Northrim Loan") including, but not limited to:

(a) All loan documents;

(b) All correspondence or communications between Alaska Dispatch, including any employee, principal or agent thereof, and any third party, including Alaska Dispatch's legal counsel, relating in any manner to the Northrim Loan; and

(c) All internal correspondences or communications of the Debtor relating to the Northrim Loan.

(5) Copies of all documents relating in any way to the guaranty provided by Alaska Dispatch to Northrim Bank (the "Northrim Loan Guaranty") with respect to the Northrim Loan, including but not limited to:

(a) All guaranty documents;

(b) All correspondence and other communications by the Debtor, including any employee, principal or agent thereof, and any third party, including Alaska Dispatch's legal counsel, regarding any direct or indirect payment(s) made by Alaska Dispatch to Northrim Bank with respect to the Northrim Loan Guaranty; and

(c) All internal correspondence and other communications by the Debtor regarding any direct or indirect payment(s) made by Alaska Dispatch to Northrim Bank with respect to the Northrim Loan Guaranty.

(6) Copies of all book entries or financial statements documenting any direct or indirect payments provided by Alaska Dispatch in connection with the Northrim Loan Guaranty.

(7) Copies of all documents relating to Alaska Dispatch's grant of a security interest in personal property to Northrim Bank, including but not limited to:

(a) All security documents; and

(b) All correspondence and communications including but not limited to communications between Alaska Dispatch, including any employee, principal or agent thereof, and any third party, including its legal counsel, and all internal correspondence and communications.

(8) Copies of bank statements for all Alaska Dispatch bank accounts identified in the Debtor's Bankruptcy Schedule B (including those accounts in the name of AK Publishing, LLC) from May 2014 to August 2017, including copies of the fronts and backs of all checks.

(9) Copies of all documents relating to any loan made by Alice Rogoff to Alaska Dispatch (each, a "Rogoff Loan"), including but not limited to:

(a) All loan documents; and

(b) All correspondence and communications including but not limited to communications between Alaska Dispatch, including any employee, principal or agent thereof, and any third party, including its legal counsel, and all internal correspondence and communications, with respect to any Rogoff Loan.

(10) All invoices from Birch Horton Bittner & Cherot to Alaska Dispatch, including time records, from 5/14/14 to present.

8. <u>Time, Date and Place of Production</u>: November 22, 2017 at 10:00 a.m. at 629 L Street, Suite 104, Anchorage, Alaska.

Dated at Anchorage, Alaska on November 7, 2017.

/s/ William D. Artus
William D. Artus
Attorney for Trustee

I certify that on November 7, 2017 a true and
correct copy of this Motion was served on
U.S. Trustee
Nacole Jipping, Trustee
Cabot Christianson, attorney for debtor
Erik LeRoy, attorney for Binkley Company, LLC

and the other persons who receive service of
pleadings by electronic means through the ECF
system as indicated on the Notice of Electronic Filing.

/s/ William D. Artus
William D. Artus