Cabot Christianson, Esq.
Alaska Bar No. 7811089
LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 W. 8th Avenue, Suite 201
Anchorage, Alaska 99501
(907) 258-6016
cabot@cclawyers.net

Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In re: ) <br> ) <br> ALASKA DISPATCH NEWS, LLC,  ) <br> ) <br> Debtor.  ) <br> ) | **Case No.: 17-00285 GS** <br> Chapter 11 |

**DEBTOR'S OPPOSITION TO APPLICATION TO EMPLOY**
**SPECIAL COUNSEL ON CONTINGENCY FEE BASIS**

Alaska Dispatch News, LLC, Debtor herein, opposes the Trustee's application, at Docket 136, to employ Bush Kornfeld as special counsel, for the reasons stated herein.

**Discussion**

Section 328(a) of the Bankruptcy Code authorizes the employment of special counsel "on any reasonable terms and conditions of employment, including ... a contingent fee basis." Although this is normally a low bar, this condition is not satisfied in this case because on balance the proposed employment does not provide a benefit to the general unsecured creditors collectively, and unreasonably confers a small benefit to a small portion of the unsecured creditors while imposing a large cost to the bulk of the unsecured creditor body.

PAGE 1:      TRUSTEE'S OPPOSITION TO APPLICATION TO EMPLOY BUSH KORNFELD FIRM
             H:\3307\MAIN\OPPOSITION TO APP TO EMPLY BUSH FIRM.WPD

Alice Rogoff has filed Proof of Claim No. 9 in the amount $16,619,095.90. This sum is for Ms. Rogoff's net cash infusions into the debtor, for 2015, 2016, and 2017 through to the petition date, as follows:

*Summary of Rogoff Proof of Claim No. 9*

| Year | Claim |
|---|---|
| 2015 | $ 4,574,379.55 |
| 2016 | $ 8,187,281.07 |
| 2017 (to petition date) | $ 3,857,435.28 |
| TOTAL | $16,619,095.90 |

Debtor's business practice was to settle up, at the end of each year, the due-to's and due-from's as between Rogoff and the company, and for the company to execute a promissory note to Rogoff in the net amount. For this reason, the 2015 and 2016 amounts are reflected by contemporaneous promissory notes. The 2017 amount is not reflected by a note because the Chapter petition intervened, but that amount was calculated in the same manner as in previous years. The proof of claim has backup for each year, and Debtor's records (now maintained by the Binkley Company) have backup for the backup.

All of the due-to-Rogoff amounts are cash loaned by her to the company for operating expenses. No portion of the claim is for the cost of acquiring the newspaper in 2014. No objection has been filed to her claim.

No proof of claim deadline has yet been set in this case because this case is treated as a no-asset case; Docket 116. Perhaps for this reason, relatively few proofs of claims have been filed to date. However, the unsecured debt listed on Debtor's schedules, Docket 143, may be summarized as:

**LAW OFFICES OF CABOT CHRISTIANSON, P.C.**
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

PAGE 2:    TRUSTEE'S OPPOSITION TO APPLICATION TO EMPLOY BUSH KORNFELD FIRM
H:\3307\MAIN\OPPOSITION TO APP TO EMPLY BUSH FIRM.WPD

*Summary of unsecured debt as reflected on schedules*

| | | |
|---|---|---|
| Rogoff unsecured debt | $16,619,095.90 | 88% |
| Other unsecured debt | $ 2,349,162.93 | 12% |
| Totals | $18,968,258.33 | 100% |

Assuming that this case were to become an asset case, and further assuming that all unsecured creditors eventually filed claims in the amounts scheduled by the Debtor, then Rogoff would hold more than 7/8ths of the total unsecured debt. Accordingly, when analyzing the benefit or detriment of any act by the trustee upon the general unsecured creditors, then, at least 7/8ths of that benefit or detriment inures to Alice Rogoff.

The Bush Kornfeld firm's sole scope of work is to pursue avoidance actions. One such action that has been discussed is against Northrim Bank. Rogoff has personally guaranteed the Northrim debt. If, hypothetically, the Bush Kornfeld firm were to recover $100 from Northrim, here is an accounting showing conceptually how the funds might be distributed:

| | | |
|---|---|---|
| Gross recovery | | $100.00 |
| Contingency fee to Bush Kornfeld | $33.33 | |
| Trustee commission[1] | $ 5.00 | |
| Total administrative expenses | $38.33 | ($38.33) |
| | | |
| Net recovery to unsecureds | | $61.67 |
| | | |
| Rogoff share | 88% | $55.03 |
| Other creditors' share | 12% | $ 7.64 |
| Totals | 100% | $61.67 |

**LAW OFFICES OF CABOT CHRISTIANSON, P.C.**
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

---

[1] Section 326 provides for a 5% commission for amounts greater than $50,000, and less than $1,000,000 distributed by the trustee. The commission on amounts up to $50,000 varies from 25% to 10%, and the commission for amounts in excess of $1 million is 3%.

PAGE 3:     TRUSTEE'S OPPOSITION TO APPLICATION TO EMPLOY BUSH KORNFELD FIRM
            H:\3307\MAIN\OPPOSITION TO APP TO EMPLY BUSH FIRM.WPD

From Rogoff's standpoint, if the Trustee recovers $100.00 from Northrim, and Northrim recovers that amount from Rogoff on her guaranty, then Rogoff receives back $55.03 on account of her claim. This is obviously very disadvantageous to her, because every $100 of "benefit" to the unsecured creditors actually makes her $44.97 worse off than before.

The non-Rogoff creditors do receive a $7.64 benefit for every $100 collected, but the creditor body, as a whole, is $38.33 worse off.

Also, from the non-Rogoff creditors' standpoint, for every $7.64 received by an unsecured creditor, the attorneys receive $33.33. This works out to an 81% effective contingency fee. A contingency fee of this magnitude is far outside the realm of customary fees.

Thus, despite the fact that the trustee is supposed to administer a bankruptcy estate for the benefit of the unsecured creditor body generally, the proposed employment of the Bush Kornfeld firm would effectively amount to a net harm to 7/8ths of the unsecured creditors, with the harm directly proportional to the benefit to the trustee and her attorneys, and also effectively charge an 80+% contingency fee to the remaining 1/8ths of the unsecured creditors. The only parties that unambiguously benefit are the trustee and the trustee's attorneys.

There may be wide discretion afforded the business judgment of the trustee, but that judgment is not in evidence in the trustee's application. The trustee has made no effort to articulate why, under the circumstances of this case, retaining counsel to sue

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

PAGE 4:        TRUSTEE'S OPPOSITION TO APPLICATION TO EMPLOY BUSH KORNFELD FIRM
H:\3307\MAIN\OPPOSITION TO APP TO EMPLY BUSH FIRM.WPD

Northrim benefits the creditor body generally, or why it is appropriate to pick and choose as to which unsecured creditors should be harmed in order to benefit others.

There may be other avoidance actions besides creditors other than Northrim, whose debts Rogoff has not personally guaranteed. In that case, the above analysis would not apply. But virtually all of the informal discussion, and the thrust of the material the trustee currently seeks in her motion for a Rule 2004 examination, at Docket 147, appears to be directed at Rogoff and/or Northrim.

### Conclusion

For the foregoing reasons, the trustee's application should be denied outright, on the ground that overall, the proposed employment does not confer a reasonable benefit to the unsecured creditors generally. Or, the employment should be approved subject to certain conditions, such requiring that, as any suit against Rogoff or a creditor whose debt Rogoff has personally guaranteed, the contingency fee should be payable only at the conclusion of the case, and be based solely upon the recovery to the non-Rogoff creditors.

Dated November 13, 2017.

> LAW OFFICES OF CABOT CHRISTIANSON, PC
> Attorneys for Debtor
>
> By:      /s/ Cabot Christianson
>           Cabot Christianson

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on November 13, 2017, a correct copy of this application was served by electronic means through the ECF system as indicated on the Notice of Electronic filing.

By:  /s/ Margaret Stroble
       Margaret Stroble

PAGE 5:        TRUSTEE'S OPPOSITION TO APPLICATION TO EMPLOY BUSH KORNFELD FIRM
               H:\3307\MAIN\OPPOSITION TO APP TO EMPLY BUSH FIRM.WPD

LAW OFFICES OF CABOT CHRISTIANSON, P.C.
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026