James H. Lister, Alaska Bar No. 1611111
Birch Horton Bittner & Cherot, P.C.
1100 Connecticut Ave., NW, Suite 825
Washington, DC  20036
Telephone:  (202) 659-5800
jlister@dc.bhb.com (beginning Dec. 1, 2017)
jl.birchhorton@gmail.com (temporary email
in use from Nov. 28 to Nov. 30, 2017)

Attorneys for Alice Rogoff

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| In re | |
|---|---|
| Alaska Dispatch News, LLC, | No. 17-00285-GS |
| Debtor. | Chapter 7 |

**Alice Rogoff's Objection to Trustee's
Motion for Rule 2004 Examination**

Creditor and interested party Alice Rogoff, by undersigned counsel, files this objection to the Motion for Rule 2004 Examination ("Motion," ECF Doc. 147) filed by Chapter 7 Trustee Nacole Jipping.  In support of her objection, Rogoff states as follows:

1.    Rogoff is the indirect owner of the corporate debtor Alaska Dispatch News, LLC ("ADN") which recently sold its operating assets to a third party in a sale approved by this Court, and is now being liquidated in Chapter 7.  Rogoff is also the largest unsecured creditor of the Debtor, having loaned the Debtor more than $16 million in the last several years.  She holds over 80 percent of the Debtor's scheduled unsecured debt.  *See* Debtor's Amended Schedules E and F (ECF Doc. 143 at ECF pages 46 and 54)(listing debt owed Rogoff and total unsecured debt).

2.	Contrary to the Court's Local Rules, the Trustee's Motion does not specify who is to be examined under Federal Bankruptcy Rule 2004.  Motion at 1; *see* Local Rule 2004-1 (requiring substantial compliance with Local Bankruptcy Form 8, which requires that motions for Rule 2004 examinations contain a statement listing the "witnesses to be examined"); *see also* Bankruptcy Rule 2004 and 11 U.S.C. § 101 (Court may order examination of an "entity," which is defined as a "person," indicating that Rule 2004 orders should relate to named persons).

3.	Reading the Motion's "scope of examination" and list of documents to be produced, the Trustee is exploring whether the Trustee has viable causes of action against ADN's principal (Rogoff) or major lender (Northrim), particularly with regard to the "GCI Sale" that the Trustee in a related pleading asserts benefitted Rogoff at the expense of the Debtor.  *See* Motion at 1-2 (seeking documents relating to GCI Sale and Northrim loans that Rogoff guaranteed, including communications with Rogoff); *see also* Trustee's Reply in Support of Application to Employ Special Counsel at 2-5 (ECF Doc. 150) (asserting GCI Sale benefitted Rogoff at the Debtor's expense, so Trustee's special counsel may sue to avoid transfers relating to the GCI Sale).

4.	Rogoff thus has good reason to believe the Trustee's Rule 2004 Motion implicates her personal interests, as well as her role as a corporate representative of the corporate Debtor ADN.  However, the Trustee's Motion does not name the parties to be examined or specify which persons are to produce documents, and thus Rogoff can only guess how the Trustee wants to involve Rogoff in the Rule 2004 examination(s) and document production(s) sought.  *See* Motion at 1-2.  Until more is known about the Trustee's intentions, it is premature for Rogoff to assert substantive objections to the scope of the examination or the list of documents to be produced.

5. If Rogoff is to be examined in her personal capacity, she is certainly entitled to see a Rule 2004 Motion directed to <u>her</u> with a complete list of documents <u>she</u> must produce. With that information, Rogoff can respond substantively to the request for an examination, including by seeking a narrowing or limitation of unduly burdensome or otherwise inappropriate document requests, by objecting to examination topics that go beyond the limits of Rule 2004(b), by objecting to lines of examination duplicative of the questioning of Rogoff at previous hearing(s), by seeking to protect the attorney-client privilege in situations where the Trustee does not hold that privilege, and by seeking to require the Trustee to provide information needed to prepare Rogoff for the examination.

6. As the Trustee appears to be targeting Rogoff, Rogoff is due this specificity whether examined in her own capacity or as Debtor ADN's representative.

7. The Motion also falls short of the dispute resolution requirement of Local Rule 2004-1 that the movant certify that the movant conferred with opposing counsel prior to the filing of the Rule 2004 motion, to determine if the motion is opposed and if the person to be examined will require that a subpoena be served. *See* Local Rule 2004-1 (requiring substantial compliance with Local Bankruptcy Form 8, which requires this certificate be included in a Rule 2004 motion). The Motion does not include the required certificate of conference. Had the Trustee included Rogoff in any discussions the Trustee might have held with the Debtor's attorney before filing the Motion, Rogoff would have obtained counsel then, rather than now, and the ground rules for a Rule 2004 examination, including any participation by Rogoff, might have been worked out in advance of filing the motion, or the contested issues narrowed.

8. Finally, the Trustee did not notice the Motion in compliance with the Local Rules. Contrary to Local Rule 9013-2(b), the Motion does not state the date by which objections must

be filed.  Further, the Motion proposes to require production of documents on November 22, 2017, just 15 days after the filing of the Motion, even though the minimum notice period is 21 days.  Local Rule 9013-1(b).  In addition, the Trustee proposes a date for the examination (December 6, 2017) that does not allow the Court sufficient time to rule on the objection(s) that may be filed, does not allow Rogoff sufficient time to prepare for examination if she is to be examined, and is a date on which undersigned counsel for Rogoff is unavailable due to another previously-scheduled hearing.  As Rogoff was not contacted prior to the filing of the Motion, she had no input on that date.   She was not served with the Motion.  The Debtor forwarded it.

WHEREFORE, Creditor and interested party Alice Rogoff respectfully requests that the Court deny the Trustee's Motion for Rule 2004 Examination (ECF Doc. 147) without prejudice to the service of a new motion that complies with the Court's local rules.  To comply with the Local Rules, any re-filed motion should (1) identify by name the individual(s) to be examined, whether in their personal capacity or as representatives of the corporate Debtor; (2) contain a certificate regarding the Trustee's pre-motion attempts to confer with the individuals to be examined; and (3) be properly noticed including stating the due date for any objections.

Dated November 28, 2017

Respectfully submitted,

Of counsel:

David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot, P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone:  (907) 276-1550
Facsimile:  (907) 276-3680
dgross@bhb.com

/s/ James. H. Lister
James H. Lister, ABA #1611111
Birch Horton Bittner & Cherot, P.C.
1100 Connecticut Ave., NW, Suite 825
Washington, DC  20036
Telephone:  (202) 659-5800
jlister@dc.bhb.com (beginning Dec. 1, 2017)
jl.birchhorton@gmail.com (temporary email in use from Nov. 28 to Nov. 30, 2017)

*Attorneys for Alice Rogoff*

## Certificate of Service

The undersigned hereby certifies that the attached pleading was filed through the Court's electronic filing system on November 28, 2017, on persons who receive service of pleadings by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

BIRCH HORTON BITTNER & CHEROT

By:    */s/ James H. Lister*
James H. Lister, ABA #1611111